## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HANNAH RENNING<br>1159 Providence Road<br>Springfield, PA 19064 | :<br>:<br>:    CIVIL ACTION<br>: |
|       Plaintiff, | :   No.: _____<br>: |
| v. | :<br>:   **JURY TRIAL DEMANDED** |
| PJ'S BIRMINGHAM, LLC d/b/a<br>PJ WHELIHANS<br>222 Haddon Ave, Suite 200<br>Westmont, NJ 08108<br>     and<br>PJW ULTIMATE HOLDINGS, LLC d/b/a<br>PJ WHELIHANS<br>222 Haddon Ave, Suite 200<br>Westmont, NJ 08108<br>     and<br>CHELSEA KULLMAN<br>222 Haddon Ave, Suite 200<br>Westmont, NJ 08108<br>     and<br>CALEB RINALDI<br>222 Haddon Ave, Suite 200<br>Westmont, NJ 08108 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
|      Defendants. | :<br>: |

## CIVIL ACTION COMPLAINT

Ms. Hannah Renning ("Ms. Renning" or "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Ms. Renning has initiated this action to redress violations by PJ's Birmingham, LLC and PJW Ultimate Holdings, LLC, collectively d/b/a PJ Whelihan's (hereinafter collectively referred to as the "PJW Defendants"), Chelsea Kullman ("Defendant Kullman"), and Caleb

Rinaldi ("Defendant Rinaldi")[1] in their individual capacity, for violations of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA") ("Title VII" – 42 U.S.C. §§ 2000e et seq.), the Pregnant Workers Fairness Act ("PWFA" - Pub. L. No. 117-328, 136 Stat. 4459 (2022)), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.), Pennsylvania Common Law, and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. § 951, et seq.).[2]

2.    Defendant PJW refused to reinstate Ms. Renning to her position after returning from maternity leave, illegally denied her FMLA leave, and subjected her to an objectively intolerable work environment (including assaulting and falsely imprisoning her) culminating in Ms. Renning's constructive discharge.

3.    As a direct consequence of Defendants' unlawful actions, Ms. Renning seeks damages as set forth herein.

## JURISDICTION AND VENUE

4.    This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

5.    This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in Int'l Shoe Co. v. Washingto*n, 326 U.S. 310 (1945), and its progeny.

---

[1] Defendants Kullman and Rinaldi are named only as to the Pennsylvania common law tort claims.
[2] Plaintiff intends to amend her instant lawsuit to include the same claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC") on or about July 29, 2026. Plaintiff's PHRA claims will mirror her Title VII claims averred herein.

2

6.      Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District and Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants a resident of the Eastern District of Pennsylvania.

7.      On or about July 29, 2025, Ms. Renning filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Ms. Renning has properly exhausted her administrative remedies before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter issued by the EEOC on or about March 30, 2026.

## PARTIES

8.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9.      Ms. Renning is an adult individual.

10.     Defendant PJ'S Birmingham, LLC is a Pennsylvania registered business with a principal place of business as set forth in the caption.

11.     Defendant PJW Ultimate Holdings, LLC is a Delaware registered business with a principal place of business as set forth in the caption.

12.     The PJW Defendants own and operate in excess of thirty (30) restaurants throughout Pennsylvania and New Jersey.

13.     Due to overlapping resources, management, advertisement, controls, benefits, directives, and other (joint and integrated) management structures, the PJW Defendants are properly considered single, joint, and/or integrated employers.

14.     At all times material, Defendant Kullman served as the General Manager of the PJW Defendants' West Chester location.

3

15.    At all times material Defendant Rinaldi served as the Service Manager of the PJW Defendants' West Chester location.

16.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

17.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18.    On or about August 21, 2021, the PJW Defendants hired Ms. Renning as a server and a bartender at their Newtown Square, PA location.

19.    On or about April 11, 2024, Ms. Renning transferred to the PJW Defendants' West Chester location to work primarily as a bartender with additional shifts as a server. Ms. Renning earned considerably more from bartending shifts (which were more lucrative and desirable than serving shifts).

20.    During the relevant period of employment at the PJW Defendants' West Chester location, Plaintiff was supervised by Defendant Kullman and Defendant Rinaldi.

21.    In or about July 2024, Ms. Renning informed Defendant Kullman that she was pregnant and anticipated taking maternity leave in or about January 2025.

22.    In or about December 2024, Ms. Renning again discussed her pregnancy with Defendant Kullman and inquired about FMLA/maternity leave.

23.    Defendant Kullman told Ms. Renning that she had already talked to "corporate" and: (a) Ms. Renning did not qualify for FMLA; and (b) when she returned from pregnancy leave she would be given only what shifts were "available."

4

24.    To be clear, Ms. Renning had worked for the PJW Defendants in excess of 12 months and logged in excess of 1,250 hours and was an eligible employee for purposes of the FMLA.

25.    Upon information and belief, other similarly situated employees, including male employees who left for college, were frequently reinstated to bartending positions after extended absences.

26.    Ms. Renning worked until she was 38 weeks pregnant before commencing her maternity leave on or about January 21, 2025.

27.    On or about March 12, 2025, Ms. Renning texted Defendant's Management team including Defendant Rinaldi and Defendant Kullman in an attempt to return to work.

28.    Defendant Kullman responded only: "[f]riendly reminder only server schedule."

29.    Plaintiff complained that she had bills to pay and questioned how long until she returned to her normal bartender position.

30.    Defendant Kullman replied, "As of now we have numerous people we moved to bar. So as of now and the foreseeable future you are on server schedule. As I told you when you went out on leave."

31.    Defendant Kullman further posited, "I told you you wouldn't be coming back to bar shifts. I was quite clear on that. I said server shifts are what you'd be coming back to."

32.    Defendant Kullman continued to be passive aggressive towards Ms. Renning, suggested that Ms. Renning speak with her "one on one," and generally tried to intimidate Ms. Renning into not returning.

33.    Upon information and belief, Defendant Kullman had a well-known propensity for targeting employees with disabilities or accommodation needs – even telling one employee that they "figure out [her] anxiety" or she would begin taking away shifts.

34.     The next day, on or about March 13, 2025, Defendant Kullman texted Ms. Renning as follows, "Hey I would appreciate it if you keep it professional and respectful moving forward. Texting in the group chat as you did and texting my managers on the side about the situation isn't helping anything, but actually doing the opposite."

35.     While Ms. Renning had done nothing but try to return to work, she apologized to Defendant Kullman. Defendant Kullman responded, "I think you should be aware that all of management thought it was very out of line, multiple things said about it since. I appreciate it not happening again."

36.     Ms. Renning responded to again complain about losing her bartending position and stating inter alia:

> "at the end of the day you will only let me serve for when I come back, but in total transparency and honesty. My feelings are truly hurt by you and this situation with coming back to work because I didn't know going on leave to have a baby was brought into a negative thing where I would lose my full role as bartender, because I knew shifts would be hard to get etc. after being off for months and all, but being with this company for so many years and so many bartending, it just feels like a slap in the face like I did something wrong by having a baby and coming back to work like I got in trouble . . ..

37.     Defendant Kullman ended the conversation by falsely stating "you are coming back to a job which you were originally brought on to West Chester as." To be clear, Ms. Renning had moved to the West Chester location to primarily bartend.

38.     Finally, due only to Ms. Renning's persistence, she returned to work in or about April 2025, albeit only for serving shifts.

39.     Ms. Renning continued to request bartending shifts, however Defendant Kullman and the Defendant PJW's other managers refused to put Ms. Renning on the bartending schedule.

40.      Defendant Kullman became increasingly agitated with Ms. Renning's complaints and requests to resume bartending. Then, on or about April 26, 2025, Defendant Kullman

6

physically assaulted Ms. Renning in a storage shed, intimidating her by raising her hands and shoving her finger in Ms. Renning's face such that Ms. Renning felt as though she was in imminent apprehension of harm..

41.    Defendant Kullman and Defendant Rinaldi falsely imprisoned Ms. Renning in the storage shed for nearly two (2) hours (deliberately off camera) and continued to berate Ms. Renning for being a "shitty person," telling her she would "never bartend again" and that Ms. Renning might as well "quit now."

42.    Despite her repeated attempts to leave, Defendant Kullman and Defendant Rinaldi intimidated and prevented Ms. Renning from leaving the shed. Ms. Renning reasonably believed she was not free to leave due to Defendant Kullman and Defendant Rinaldi's physical intimidation, positioning, and threats.

43.    As a direct result of the physical assault, false imprisonment, retaliatory conduct, hostile treatment, and Defendants' refusal to restore Ms. Renning to her bartending position, Ms. Renning's working conditions became objectively intolerable, forcing her constructive discharge effective April 29, 2025.

## COUNT I
### Violations of Title VII/PDA
([1] Gender and Pregnancy Discrimination; [2] Retaliation; [3] Hostile Work Environment)
- Against the PJW Defendants -

44.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.    Plaintiff is qualified under the Title VII/PDA for protection because she was pregnant.

46.    Plaintiff disclosed to the PJW Defendants' management that she was pregnant in or about July 2024.

47.     The PJW Defendants retaliated against Plaintiff by not returning her to her previous bartending position and constructively discharging her.

48.     Upon information and belief, other similarly situated male employees were restored to bartending positions after non-pregnancy related leave.

49.     Upon her return, the PJW Defendants subjected Plaintiff to a hostile work environment.

50.     Plaintiff's pregnancy was a motivating or determinative factor in the PJW Defendants decision to constructively discharge her.

51.     The PJW Defendants constructively discharged Plaintiff in violation of Title VII/PDA.

**COUNT II**
**Violations of the PWFA**
**([1] Interference; [2] Retaliation; [3] Discrimination; [4] Failure to Accommodate)**
**- Against the PJW Defendants -**

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     Plaintiff is qualified under the PWFA for protection because she was pregnant during her employment with the PJW Defendants and had requested reasonable accommodations, including intermittent leave, due to her pregnancy.

54.     The PJW Defendants retaliated against Plaintiff by not returning her to her previous bartending position and constructively discharging her.

55.     Upon information and belief, other similarly situated male employees were restored to bartending positions after non-pregnancy related leave.

8

56.     Plaintiff believes and therefore avers that her rights under the PWFA were interfered with and she was retaliated against for requesting reasonable pregnancy-related accommodations when the PJW Defendants unlawfully constructively discharged her.

57.     The PJW Defendants' actions as aforesaid constitute violations of the PWFA.

**COUNT III**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**
**-Against the PJW Defendants-**

58.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

60.     Plaintiff had been employed by the PJW Defendants for at least twelve months and notified the PJW Defendants of her intent to take protected leave pursuant to 29 U.S.C. § 2611(2)(i), and notified the PJW Defendants, her employer, of her intent to take protected leave.

61.     Plaintiff had at least 1,250 hours of service with the PJW Defendants during her employment.

62.     The PJW Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C § 2611(4)(A)(i).

63.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C. § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

64.     The PJW Defendants committed interference and retaliation violations of the FMLA by: (1) interfering with Plaintiff's FMLA rights by not designating her leave as FMLA; (2) not reinstating Plaintiff to her position upon her return from leave; (3) subjecting her to hostility

9

upon her return; (4) constructively discharging Plaintiff in retaliation; and (5) taking actions toward her that would dissuade a reasonable person from exercising her rights under the FMLA.

65. These actions as aforesaid constitute violations of the FMLA.

## COUNT IV
### Assault
**- Against Defendant Kullman and the PJW Defendants-**

66. Defendants, by and through their agents, servants, workmen, employees, acting within the scope of their duties, intentionally and against Plaintiff's will utilized physical force and intimidation so as to prevent her from leaving the confines of the immediate area of the storage shed in which they imprisoned her.

67. Defendant Kullman, acting within the course and scope of her job duties, forcefully and aggressively assaulted Plaintiff and engaged in intentional, wanton, willful and outrageous conduct, acted with deliberate malice, and/or was grossly and outrageously negligent, acted with reckless disregard of and with deliberate callous and reckless indifference to Plaintiff.

68. As a result of Defendant Kullman's intentional, wanton, willful and outrageous conduct, Plaintiff was caused to suffer an immediate and reasonable apprehension of harmful or offensive contact with her body.

69. As a result of Defendant Kullman's intentional, wanton, willful and outrageous conduct, Plaintiff was caused to suffer injuries.

## COUNT V
### False Imprisonment
**- Against All Defendants -**

70. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71.     Defendants, by and through their agents, servants, workmen, employees, acting within the scope of their duties, intentionally and against Plaintiff's will utilized physical force and intimidation so as to prevent her from leaving the confines of the immediate area of the storage shed in which they imprisoned her.

72.     Plaintiff made several requests and attempts to Defendant Kullman and Defendant Rinaldi to release her from Defendants' custody and control.

73.     During the entirety of her confinement, Plaintiff, was, by the unlawful use of physical force and intimidation, prevented from leaving the area where she was held against her wishes and requests.

74.     Defendants' actions were intentionally committed and without privilege.

75.     As a further result of this occurrence, Plaintiff has or may hereafter suffer harm, including emotional and physical distress, embarrassment and anguish, some or all of which may be permanent in nature.

**WHEREFORE**, Plaintiff prays that this Court enters an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their

11

willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.     Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: May 28, 2026

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Hannah Renning | : | CIVIL ACTION |
| v. | : | |
| PJ's Birmingham, LLC d/b/a PJ Whelihans, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x  )

| | | |
|---|---|---|
| 5/28/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?         Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RENNING, HANNAH

### DEFENDANTS

PJ'S BIRMINGHAM, LLC D/B/A PJ WHELIHANS, ET AL.

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); FMLA (29USC2601)

Brief description of cause:
Violations of Title VII/PDA, PWFA, FMLA, PA Common Law and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   5/28/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____